IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAUN C. PALMER,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-06-1973 |
| | : | |
| v. | : | JUDGE SYLVIA H. RAMBO |
| | : | |
| **CITY OF HARRISBURG, PA,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Plaintiff, Shaun C. Palmer, an inmate currently confined at the State Correctional Institution in Coal Township, Pennsylvania, commenced this action *pro se* on September 6, 2006, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, Attach. #1) in the Dauphin County Court of Common Pleas in Harrisburg, Pennsylvania.  Defendants removed the case to this court on October 5, 2006.  Presently before the court are two separate motions to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of Defendants City of Harrisburg ("City of Harrisburg") and Levell Jenkins ("Jenkins") (Doc. 2), and Defendants Michael Consiglio ("Consiglio") and Casey Shore ("Shore") (Doc. 4).  The motions have been fully briefed and are ripe for disposition.  For the reasons set forth below, the motions will be granted.

Also pending are Plaintiff's motion to strike Defendants' affirmative defenses (Doc. 37) and motions for leave to file an amended complaint (Docs. 57, 63). As discussed below, the motions will be denied.

## I.   Motions to Dismiss

### A.   Standard of Review

In rendering a decision on a motion to dismiss, the court must accept the Plaintiff's allegations as true. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that, when considering a motion to dismiss, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above speculative level." *Twombly*, 127 S. Ct. at 1965. Also, in ruling on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the court may consider documents attached to the complaint as an exhibit. *See Gomez v. Warden of the Otisville Correctional Facility,* No. 99 Civ. 9954, 2000 WL 1480478, *1

(S.D.N.Y. Sept. 29, 2000) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.3d 142, 150 (2d Cir. 1993)).

This court will review the Defendants' motions in the context of the standards set forth above. Also, the court is mindful that, "however inartfully pleaded," the "allegations of [a] *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations of Complaint

On March 13, 2002, police officers employed by the City of Harrisburg Police Department, including Jenkins, executed a search warrant at a residential row home located at 1931 Forster Street, Harrisburg, Pennsylvania. (Doc. 1, Attach. #1, ¶ 8). Upon arrival at the home, Jenkins and the other police officers found Plaintiff lying unclothed in bed with the home's owner. (*Id.* at ¶ 11). One of the police officers, Officer William Jackson, retrieved Plaintiff's pants, searched the pockets of the pants, and discovered crack cocaine and cash in the front pockets of the pants. (*Id.* at ¶ 11 and Ex. "C").

After the cocaine was discovered, Jenkins observed a Chevrolet Tahoe Sport Utility Vehicle parked outside of the house and asked Plaintiff if the vehicle belonged to him, to which Plaintiff responded in the affirmative. (*Id.* at ¶ 12 and Ex. "C"). Plaintiff avers that he denied permission to search the vehicle, and therefore Jenkins

3

had the vehicle towed to a secured area while he sought a warrant to search the vehicle. (*Id.* at ¶ 13 and Ex. "C"). Although Plaintiff does not state when his vehicle was searched, Jenkins testified at the preliminary hearing on April 30, 2002, that the search occurred before the hearing. (*See* Doc. 1, Attach. #1, Ex. D at 16, lines 11-13).[1]

During the court proceedings that followed, Plaintiff alleges that Consiglio, a Dauphin County deputy district attorney, approached him in a Dauphin County courtroom on June 12, 2003, and told him that he would get his vehicle back if he paid $1,000. (Doc. 1, Attach. #1, ¶ 19). Subsequently, Plaintiff claims that Shore, a Dauphin County deputy district attorney, made phone calls to Plaintiff's mother "demanding" $1,000 for the return of the vehicle. (*Id.* at ¶ 21).

On July 3, 2002, the Dauphin County District Attorney's Office initiated a civil forfeiture action with respect to Plaintiff's vehicle at docket number 3001 CV 2002.[2] (*See* Doc. 1, Attach. #1, Ex. G at 14). In October 2003, while Plaintiff was at the

---

[1]The preliminary hearing transcript is attached to the complaint as Exhibit D.

[2]Attached to the complaint as Exhibit G is the transcript of a December 20, 2004 hearing on Plaintiff's motion for return of property. While testifying at the hearing, Plaintiff denied being served with the petition for forfeiture. (Doc. 1, Attach. #1, Ex. G at 14). However, Consiglio provided a certified mail receipt showing that the petition was served on Plaintiff's defense counsel of record at that time. (*Id.* at 15). Service by certified mail on an authorized agent is proper pursuant to Pa. R. Civ. Pro. 403.

district attorney's office on an unrelated matter, Shore approached him and advised that, if he did not pay the money soon, his vehicle would be forfeited.  (*Id.* at ¶ 22). On November 25, 2003, Plaintiff's mother paid $1,000 for the return of Plaintiff's vehicle, and the Commonwealth discontinued the forfeiture action.  (*See* Doc. 1, Attach. #1, at ¶ 23; Doc. 5 at 9).

   After he regained possession of his vehicle, Plaintiff claims that he researched the law on forfeiture of property as set forth in the Controlled Substances Forfeiture Act ("Forfeiture Act"), 42 Pa. Cons. Stat. § § 6801-02, and discovered that his vehicle was improperly seized.  (*Id.* at ¶ ¶ 24-25, 32 ).  On September 2, 2004, he filed a motion for return of property in the Court of Common Pleas of Dauphin County seeking reimbursement of his $1,000.  (*Id.* at ¶ 32).  In dismissing Plaintiff's motion, following a hearing, Court of Common Pleas Judge Cherry found that on November 25, 2003, when Plaintiff's mother paid $1,000, the vehicle was returned, and the forfeiture action was discontinued, a settlement agreement had been reached.  (*See* Doc. 1, Attach. #1, Ex. G at 21).

   Then, as noted above, he commenced the instant action in the Court of Common Pleas of Dauphin County on September 6, 2006.

5

**C.     Discussion**

   1. Jenkins, Consiglio, and Shore

      *a. Constitutional claims*

Plaintiff asserts that Defendants' conduct violated his constitutional rights. Specifically, he contends that Jenkins's search and seizure of his vehicle pursuant to a "Constitutionally invalid" search warrant violated his Fourth Amendment rights. (Doc 1, Attach. #1, ¶¶ 40-42). Moreover, the search and seizure of his vehicle prior to a hearing constituted a violation of his Fourteenth Amendment procedural and/or substantive due process rights. (*Id.* at ¶ 42).

With regard to Consiglio and Shore, Plaintiff alleges that they violated his Fourth Amendment rights by withholding his illegally searched and seized property. (Doc. 1, Attach. #1, ¶ 45). He also contends that the withholding of his vehicle prior to a hearing, and the failure to follow the procedures set forth in the Forfeiture Act, constituted violations of his Fourteenth Amendment procedural and/or substantive due process rights. (*Id.* at ¶ 46).

For the reasons set forth below, Plaintiff's constitutional claims, which are brought pursuant to 28 U.S.C. §1983, are barred by the statute of limitations and will be dismissed. These claims are governed by a two year statute of limitations. *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). *See also Garvin v. City of*

*Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 claim." *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted). Relevant state tolling principles are applied unless they conflict with federal law and policy. *Lake*, 232 F.3d at 368-70. The plaintiff bears the burden of showing extraordinary circumstances that warrant tolling the limitations period. *Byers v. Follmer Trucking Co.,* 763 F.2d 599, 601 (3d Cir. 1985).

All of Plaintiff's claims against Jenkins arise from events he alleges occurred between March 13, 2002 and April 30, 2002. (*See* Doc. 3 at 10). The search of Plaintiff's clothing and the seizure of his vehicle occurred on that date. (Doc. 1, Attach. #1, at ¶¶ 8-13). As stated earlier, the search occurred prior to the April 30, 2002 hearing. (*See* Doc. 1, Attach. #1, Ex. D at 16, lines 11-13). The longest statute of limitations applicable to the claims against Jenkins is two years. Thus, the statute of limitations ran at the latest on April 30, 2004, and Plaintiff's claims against Jenkins in his September 6, 2006 complaint are barred.

All of Plaintiff's claims against Consiglio and Shore arise from events that occurred between March 13, 2002 and November 25, 2003. The seizure of Plaintiff's vehicle occurred on March 13, 2002. On July 3, 2002, the civil forfeiture action with

respect to Plaintiff's vehicle was filed.  (*See* Doc. 1, Attach. #1, Ex. G at 14).  On November 25, 2003, Plaintiff's mother paid $1,000 for the return of Plaintiff's vehicle, and the Commonwealth discontinued the forfeiture action.  (*See* Doc. 1, Attach. #1, at ¶ 23; Doc. 5 at 9).

Plaintiff then filed his motion for return of property, which resulted in a conclusion that a settlement agreement had been effectuated on November 25, 2003, when Plaintiff's mother paid $1,000, the vehicle was returned, and the forfeiture action was discontinued.  (*See* Doc. 1, Attach. #1, Ex. G at 21).  Thus, the last relevant event with respect to the seizure of the car occurred on November 25, 2003.  Accordingly, the statute of limitations expired at the latest on November 25, 2005, and Plaintiff's claims against Consiglio and Shore in his September 6, 2006 complaint are barred.

Plaintiff concedes that a two year statute of limitations applies to claims brought pursuant to Section 1983.  (*See* Doc. 21 at 6).  However, he argues that the discovery rule applies to toll the statute of limitations in this case.  The discovery rule was adopted by Pennsylvania courts in recognition of the fact that some injuries are not immediately apparent.  *See Ayers v. Morgan*, 154 A.2d 788, 791 (Pa. 1959).  *See also Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).  "The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of

8

time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury." *Id.* (citing *Hayward v. Medical Center of Beaver County*, 608 A.2d 1040, 1043 (Pa. 1992)). The discovery rule applies in cases where the injured is unable, despite the exercise of reasonable diligence, to know that he is injured and what caused the injury. *Id.* (citation omitted). Thus, a statute of limitations does not begin to run until a "person knows or through the exercise of due diligence is able to ascertain that an injury has occurred." *Sterling v. St. Michael's School for Boys*, 660 A.2d 64, 66 (Pa. Super. 1995), *allocatur denied*, 670 A.2d 142 (Pa. 1995). "If a party has the means of discovery within his power but neglects to use them, his claim will still be barred." *Burnside v. Abbott Laboratories*, 505 A.2d 973, 988 (Pa. Super. 1985).

The party seeking to benefit from the discovery rule has the burden of establishing his inability to know of the injury despite the exercise of reasonable diligence. *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997). The standard of reasonable diligence is an objective one that applies to all individuals rather than to a unique plaintiff. *Id.*; *Redenz by Redenz v. Rosenberg*, 520 A.2d 883, 886 (Pa. Super. 1987), *appeal denied*, 533 A.2d 93 (Pa. 1987). Thus, a plaintiff's subjective lack of knowledge is irrelevant. *Rendenz*, 520 A.2d at 886.

9

Plaintiff has not met his burden of establishing an inability to know of his injury despite the exercise of reasonable diligence. *See Dalrymple,* 701 A.2d at 167. Plaintiff contends that he did not discover his injury until he filed his motion for return of property on September 2, 2004. (Doc. 21 at 7-8). He further claims that he did not discover his right to file a complaint raising civil rights claims until he received correspondence from the district attorney of Dauphin County on June 30, 2006. (Doc. 30 at 7). In that correspondence, the district attorney advised Plaintiff of his right to file a civil action after informing Plaintiff that the criminal complaint filed against Consiglio had been disapproved. (*See id.* at Ex. B).

Plaintiff's argument is without merit. The alleged injuries stem from events that occurred during the course of the criminal proceedings, which took place between March 13, 2002, and November 25, 2003, as discussed above. The alleged injuries and the cause thereof were immediately ascertainable. While it may be true that Plaintiff lacked the knowledge that he could file a civil complaint during the statute of limitations period, his lack of knowledge is irrelevant. *See Rendenz*, 520 A.2d at 886. Moreover, even if Plaintiff was represented by counsel, his alleged reliance on counsel does not toll the statute of limitations. A client voluntarily chooses counsel and cannot avoid the consequences of his counsel's acts or omissions. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (dismissal of claim

because of attorney's failure to appear at scheduled pretrial conference not unjust penalty on plaintiff, who voluntarily chose attorney). Thus, the discovery rule does not apply. Accordingly, Plaintiff's constitutional claims against Defendants are barred by the statute of limitations.

### b. *State law claims*

In addition to the constitutional rights violations, Plaintiff sets forth state law claims. For instance, he alleges that the search and seizure of his vehicle constituted an "intentional Tort of Trespass." (Doc. 1, Attach. #1, at ¶ 43). Also, he contends that the publication of an incident report in the *Patriot News* containing an account of the seizure of Plaintiff's vehicle constituted defamation because it wrongfully led the public to believe that he "used his vehicle illegally or purchased it unlawfully or police had found contraband in the vehicle." (*Id.* at ¶ 17). It is further alleged that in taking wrongful possession of Plaintiff's vehicle, knowingly withholding the vehicle, and disposing of the property as though it was lawfully their own, Consiglio and Shore committed the intentional torts of conversion and intentional infliction of emotional distress. (*Id.* at ¶¶ 48-49, 50).

Plaintiff's state law claims are also barred by the statute of limitations. An action sounding in trespass is subject to a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524(7). An action for libel, slander or invasion of privacy must be

11

commenced within one year.  42 Pa. Cons. Stat. § 5523(1).  The two-year statute of limitations period for intentional torts has been applied to claims for intentional infliction of emotional distress.  *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 81 (3d Cir. 1989); 42 Pa. Cons. Stat. § 5524(7).  Pennsylvania's two-year statute of limitations for claims of tort and fraud has been applied to common law claims of conversion.  *See Teamsters, Chauffeurs, Warehousemen and Helpers Local 764 v. Greenawalt*, 919 F. Supp. 774, 783 (M.D. Pa. 1996), *aff'd in part*, 116 F.3d 470, *vacated in part*, 116 F.3d 470; 42 Pa. Cons. Stat. § 5524(7).  Consequently, Defendants' motion to dismiss will be granted with respect to the state law claims.

    2.   City of Harrisburg

Plaintiff fails to set forth a single allegation against the City of Harrisburg in his complaint.  It appears that Plaintiff seeks to hold the City of Harrisburg liable under Section 1983 for its actions as Jenkins's employer.  The theory of *respondeat superior* cannot be the basis for such liability; "[r]ather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a . . . violation."  *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 400 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Plaintiff has not identified a policy, custom, or practice by the City of Harrisburg that led to an alleged violation of his civil rights.  Thus, his complaint fails

to state a cognizable claim or cause of action against the City of Harrisburg for which relief may be granted.

II.     **Plaintiff's Motions to Strike and for Leave to Amend Complaint**

Plaintiff moves to strike the affirmative defenses raised by Defendants in their motions to dismiss, including the statute of limitations. (Doc. 37). The above decision to grant the motions to dismiss on the grounds that Plaintiff's claims are barred by the statute of limitations renders the motion moot.

Also before the court are Plaintiff's motions for leave to file an amended complaint. (Docs. 57, 63). Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after a responsive pleading, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The court may deny leave to amend when the new claims would not withstand a motion to dismiss, and thus any attempt to amend would be futile. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937 (1983)). Because Plaintiff's claims are barred by the

statute of limitations, any attempt to amend would not cure the deficiency in the original complaint and would be futile.  Therefore, Plaintiff's motions for leave to file an amended complaint (Doc. 57 and 63) will be denied.

## III.    Conclusion

     Based on the foregoing, Defendants' motions to dismiss (Docs. 2, 4) will be granted.   Also, Plaintiff's motion to strike Defendants' affirmative defenses (Doc. 37) will be denied as moot, and Plaintiff's motions to amend complaint (Docs. 57 ,63) will be denied.  An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: November 8, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SHAUN C. PALMER,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-06-1973**
:
    **v.** : **JUDGE SYLVIA H. RAMBO**
:
**CITY OF HARRISBURG, PA,** *et al.***,** :
:
    **Defendants** :

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

    1) Defendants' motion to dismiss is **GRANTED**;

    2) Plaintiff's motion to strike Defendants' affirmative defense is **DISMISSED AS MOOT**;

    3) Plaintiff's motion to amend is **DENIED**;

    4) The Clerk of Court shall close the file; and

    5) It is certified that any appeal taken from this order is deemed frivolous and not taken in good faith.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: November 8, 2007.